# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TODD DARRELL BALLARD,<br><br>    Petitioner,<br><br>v.<br><br>MICHAEL CLARK,[1] Superintendent, SCI-ALBION, JOHN WETZEL, Secretary of Pennsylvania Department of Corrections; DISTRICT ATTORNEY OF ALLEGHENY COUNTY, and THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA,<br><br>    Respondents. | Civil No. 14-cv-1453<br><br>Judge Nora Barry Fischer |

## MEMORANDUM OPINION

Before the Court are the *pro se* Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 filed by Petitioner, Todd Darrell Ballard ("Petitioner" or "Ballard"), the Report and Recommendation of United States Magistrate Judge Cynthia Reed Eddy recommending dismissal of the Petition ("R&R, ECF No. 65), Petitioner's *pro se* Objections to the R&R (ECF No. 72), and Petitioner's Petition for Publication (ECF No. 73). For the following reasons, the objections will be overruled, the R&R will be approved and adopted as supplemented herein, the Petition will be dismissed without an evidentiary hearing, and a certificate of appealability will be denied. Additionally, the Petition for Publication will be denied.

---

[1] Effective March 27, 2016, Michael Clark was appointed as the Superintendent of SCI-Albion. Under Federal Rule of Civil Procedure 25(d)(1), he is automatically substituted as the respondent in this action.

## I. STANDARD OF REVIEW

The filing of timely objections requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also Goney v. Clark*, 749 F.2d 5, 6 (3d Cir. 1984) (explaining that *de novo* review is not required if objections are not specific). In doing so, the Court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C). The district court may, in the exercise of sound judicial discretion, rely on the magistrate judge's proposed findings and recommendations. *United States v. Raddatz,* 447 U.S. 667, 676 (1980); *Goney,* 749 F.2d at 7. "District Courts, however, are not required to make any separate findings or conclusions when reviewing a Magistrate Judge's recommendation *de novo* under 28 U.S.C. § 636(b)." *Hill v. Barnacle*, 655 F. App'x 142, 148 (3d Cir. 2016). With regard to the portions of the R&R to which no objections are made, the district court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes.

## II. DISCUSSION

The Petition was referred to Magistrate Judge Eddy, who issued a R&R recommending that all of Ballard's habeas claims be dismissed without an evidentiary hearing. Ballard raises eleven (11) numbered objections to the R&R and many, like the claims in his Petition, contain multiple subparts.[2] Respondents did not file a response to Petitioner's Objections.

---

[2]   Ballard raises sixteen numbered claims, each with multiple sub-issues, in his petition. Six of the numbered claims allege ineffectiveness of counsel at trial, on direct appeal, and/or during his post-conviction proceedings. His remaining claims, in various combinations, allege that his constitutional rights under the Sixth and Fourteenth Amendments were violated because he was denied a fair trial by an impartial jury/jurist and denied due process and equal protection. It appears

Before turning to the merits of Ballard's objections, the Court must make two observations. First, Ballard has raised a serious issue in suggesting that this member of the Court may have a conflict of interest and "may feel the need to disqualify herself." Obj. at ¶ 3. Ballard bases his concern on the fact that approximately twenty-six (26) years ago, from 1989 until 1992, during the time the undersigned was a senior partner at Meyer Darragh Buckler Bebenik & Eck, John A. Zotolla, the judge who presided over Ballard's state court trial, was an associate attorney at the same law firm. While Judge Zotolla is known to the undersigned, the undersigned has never communicated with him regarding this or any other case. Plaintiff wholly has failed to establish any grounds for recusal. *See* 28 U.S.C. § 455(a). While a litigant is entitled to argue vigorously on his own behalf, and to point out errors he believes the magistrate judge has made, he is not to make baseless accusations against the Court in his pleading. Nothing about what Petitioner has articulated would cause a reasonable person to doubt the undersigned's impartiality in this matter. Plaintiff's assertions in this respect will not be given any further consideration.

Second, the Court notes that in reviewing Ballard's objections *de novo* it is faced with the same problem that other courts have encountered in deciphering Ballard's filings.[3] The instant

---

that the instant objections challenge the magistrate judge's recommendations on eleven (11) of those claims: Claims One - Five, Seven - Nine, Eleven, Twelve, and Fourteen. Ballard's Objections do not refer or challenge the recommended dismissal of Claims Six, Ten, Thirteen, Fifteen, or Sixteen of the Petition. Based on the Court's independent review of the record and relevant case law, the Court sees no clear error in the R&R findings as to Claims Six, Ten, Thirteen, Fifteen, and Sixteen. Accordingly, the Court will approve and adopt the R&R's recommendations with regard to those claims.

[3] The magistrate judge noted that Ballard's claims in the original habeas petition are often difficult to decipher as the claims are multi-faceted and are often restated throughout the habeas petition as sub-issues in multiple separate claims. Similarly, the Pennsylvania Superior Court observed that Ballard's claims were presented as "multiple, tangentially related sub-issues" presented in a complicated fashion making it difficult for the appellate court to "ensure that we

eleven (11) objections are presented in a complicated manner as the objections tend to overlap with each other, each objection covers a litany of claims, and many of the "objections" are not objections at all but rather appear to re-argue the contentions already presented in Ballard's habeas petition. The Court has made every attempt to address each discernable proper objection.

**Objection No. 1**

Ballard's first objection is a general objection to the R&R in which he either restates arguments already presented or contends that the magistrate judge erred in rephrasing his constitutional claims resulting in "repeated mischaracterizations" and addresses "only part of the claim or an entirely different claim then raised by Petitioner." Obj. at 1. The objection spans seventeen (17) paragraphs and approximately four (4) pages. Ballard offers no record support whatsoever for this objection and fails to <u>specifically</u> identify any alleged error of the magistrate judge. An objection to a R&R must explain how the magistrate judge's analysis is alleged to have been wrong, why it was wrong, and how *de novo* review will achieve a different result on that issue. An objection that does nothing more than state a disagreement with the magistrate judge's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context. *See Thomas v. Am*, 474 U.S. 140, 147 (1985) (noting that "[t]he filing of objections to a magistrate's report enables the district judge to focus attention on those issues - factual and legal - that are at the heart of the parties' disputes").

The Court finds that the magistrate judge properly organized Ballard's claims and grouped the claims by common operative issues. The Court has not found any instances where a

---

have a complete picture of each [claim]." *Commonwealth v. Ballard*, No. 608 WDA 2012, slip op. at 2 (Pa. Super. Ct. Aug. 27, 2013) (ECF No. 38-9, at 35).

decipherable claim was not addressed in the R&R or where the magistrate judge mischaracterized a claim. For these reasons, the Court finds that this objection is without merit and will be denied.

**Objection No. 2**

Ballard's second objection has multiple sub-issues. First, Ballard contends that there are two misstatements in the procedural history of the R&R, *to wit*: (i) that the R&R incorrectly states that he was sentenced to a term of life imprisonment on a first-degree murder conviction and (ii) that the R&R incorrectly states that at the time of the autopsy Dr. Shakir was the acting medical examiner. Both these arguments can be easily denied.

Ballard argues that he was not sentenced to life imprisonment on a first-degree murder conviction, but rather was sentenced to a term of "natural life" on a "criminal homicide" penalty. Obj. at ¶ 18. When pronouncing his verdict, the trial judge stated that Ballard had been found guilty of murder in the first degree (Notes of Trial, 10/5/07, at 281); at sentencing, the court imposed a sentence of life imprisonment without parole (H.T. at 11); the actual Judgment of Sentence is entitled "Order of Court Imposing Life Sentence" (ECF No. 38-1 at 47; ECF No. 72-8 Exh. H); and Ballard's state court criminal docket explicitly states he was convicted of Murder Of The First Degree, confinement Life. (ECF No. 38-1 at 3). To this end, the R&R correctly states that "[o]n January 7, 2008, Ballard was sentenced to a term of life imprisonment without parole on his first-degree murder conviction." R&R at 2. Thus, Ballard's argument is without merit.

Likewise, the R&R correctly states that Dr. Shakir did not perform the actual autopsy of the victim; that the autopsy was performed by Dr. Bennett Omalu, who at the time of trial was no longer with the coroner's office; and that at the time the autopsy was performed, Dr. Shakir was acting medical examiner. *See* R&R at 2 n.1 (citing Notes of Trial, 10/2/07 at 74).

Next, Ballard makes the unsupported argument "that no reasonable juror would have convicted him of first degree, and has further asserted claims of factual and/or actual innocence." Obj. at ¶ 18. Ballard, however, fails to cite error, in fact or in law, with the conclusion reached by the magistrate judge. His objection merely reiterates the same argument presented in his petition. The Court notes that the trial judge, in rendering the verdict, detailed its findings which established that the Commonwealth had established beyond a reasonable doubt every element necessary to sustain Ballard's conviction of first degree murder.

Last, Ballard states, as he does throughout his objections, that his "claims not addressed on the merits by state courts are not procedurally defaulted. . . ." Obj. at ¶ 18. Ballard argues that the claims that were not reviewed by the state court on the merits are not "procedurally defaulted," but are exhausted and that he was denied "a full and fair opportunity" to present those claims. *Id.*

The concepts of "exhaustion" and "procedural default" are related but have distinct meanings for federal habeas review. Generally, in Pennsylvania, a federal claim is deemed exhausted if it has been fairly presented to the state trial court and then to either the Pennsylvania Superior Court or the Pennsylvania Supreme Court — either on direct appeal from a state criminal conviction or on appeal from a PCRA court's denial of post-conviction relief. *Holloway v. Horn*, 355 F.3d 707, 714 (3d Cir. 2004). A claim is considered procedurally defaulted, if the petitioner fairly presented the claim to the state court, but the state court declined to review the claim on the merits because of a failure to comply with a state procedural rule. "A habeas petition should therefore be denied if it raises claims that were procedurally defaulted in state court." *Norris v. Brooks,* 794 F.3d 401, 404 (3d Cir. 2015) (citation omitted). However, a federal court may review a procedurally defaulted claim if the petitioner can demonstrate "cause" to excuse his failure to

comply with state procedure and "actual prejudice resulting from the alleged constitutional violation" or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice."[4] *Preston v. Superintendent Graterford SCI*, 902 F.3d 365, 375 (3d Cir. Sept. 5, 2018) (quoting *Davila v. Davis*, -- U.S. --, 137 S.Ct. 2058, 2065 (2017) (quoting *Wainwright v. Skyes*, 433 U.S. 72 (1977)). A claim therefore, while exhausted, may be procedurally defaulted if the Superior Court did not address it on the merits due to petitioner failing to comply with a state procedural rule.

In the instant case, the Superior Court found that a number of Ballard's claims were waived for appellate review; thus those claims, while exhausted, are considered procedurally defaulted. *See* 42 Pa. Cons. Stat. § 9544(b) ("an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal, or in a prior state postconviction proceeding").

For all these reasons, Objection 2 will be denied.

**Objection No. 3**

Ballard's third objection spans twelve (12) paragraphs over three pages and relates to Claim One of his habeas petition. (R&R at 12-19). Ballard claims that the magistrate judge erred by mischaracterizing his claim as either a "weight of the evidence" claim or a "sufficiency of the evidence" claim.[5] (R&R at pp. 12-16). According to Ballard, "the gist of the Petitioner's claim

---

[4] To satisfy the "fundamental miscarriage of justice" prong, the petitioner must offer new evidence to demonstrate "that he is actually innocent of the crime." *Schlup v. Delo*, 513 U.S. 298, 323-24 (1995); *McCleskey v. Zant*, 499 U.S. 467, 494 (1991).

[5] Claim One of the petition is as follows: "Trial Court Error / Violation: Based on it's finding of guilt on conclusions not presented or substantiated by trial court record in violation of the U.S. Constitution (Amendments VI and XIV)."

7

is: <u>The trial court's finding of guilt was based on [presumed] evidence that cannot be substantiated [authenticated] by the trial court record,</u>" which "in no way deals with any type of weight or sufficiency of evidence claim." *Id.* at ¶ 20 (emphasis in original). Rather, according to Ballard, this claim is challenging the trial court's inattentiveness which resulted in a verdict which is not substantiated by the evidentiary record.

In discussing Claim One, the magistrate judge noted that Ballard had through many varied incarnations challenged his first-degree murder conviction. Notably, the record reflects that Ballard had requested that his direct appeal counsel raise a sufficiency of the evidence argument, but that counsel advised him that such a claim was without merit. *See* ECF 72-3, Exh. C.

Even assuming *arguendo* that Claim One was mischaracterized by the magistrate judge, Ballard has not been harmed by any such mischaracterization. Claim One is closely related to Claim Two, which is discussed *infra,* and was discussed at length in the R&R.

For these reasons, the objections raised in Objection No. 3 will be denied.

**Objection No. 4**

In his fourth objection, Ballard claims that the magistrate judge erred in recommending that Claims 2 and 11 (sub-issue 1) of his petition be denied. (R&R at 20-23). Ballard argues that the verdict had no evidentiary basis as the trial judge was either non-attentive (i.e., daydreaming) or ignoring expert testimony and evidence. Ballard contends that the trial court's misstatement in its 1925(a) statement (*i.e.,* that the victim had been shot from behind) supports his argument that he was found guilty based on evidence that cannot be substantiated in the record.

Both the PCRA court and the Superior Court addressed the claim on its merit and found that Ballard has failed to establish any merit to his claim. The magistrate judge recommended that the claim be dismissed as the state court's adjudication of his claim not was contrary to or an

unreasonable application of then extant Supreme Court precedent. This Court has independently reviewed the R&R and the record and concludes that the magistrate judge's findings and conclusions on this claim are correct and should be adopted. Accordingly, Objection No. 4 will be denied.

**Objection No. 5**

Ballard's fifth objection is closely related to his fourth objection. Here, he claims that the magistrate judge erred in recommending that his ineffective assistance of counsel claim relating to counsel's failure to challenge the trial court's alleged inattentiveness should be denied. (R&R at 20-21). Ballard continues to argue that his trial counsel should have objected and sought the recusal of the trial judge or moved for a mistrial based on the trial judge's inattentiveness during the trial. The PCRA court addressed the claim on the merits and found that Ballard had failed to present any evidence which proves that trial counsel was ineffective. The Superior Court affirmed, finding the ineffectiveness claim lacked merit. The Court agrees with the magistrate judge's finding that the Superior Court applied the correct standard and that Ballard has not demonstrated that the Superior Court's decision was an unreasonable application of *Strickland v. Washington*, 466 U.S. 668 (1984). For these reasons, Objection No. 5 will be denied.

**Objection No. 6**

In his sixth objection, Ballard claims that the magistrate judge erred in recommending that Claims Three and Eleven (Sub-issue Two) of his petition be denied. (R&R at 22-24). Ballard argues that his due process rights were violated when the trial court engaged in "improper" *ex parte* activity during the trial (Claim Three) and relatedly that his trial counsel rendered ineffective assistance when he did not object to this improper conduct. (Claim Eleven, Sub-issue Two). Specifically, Ballard objects that the trial court and counsel had sidebar and in-chambers

conferences to which he was not physically present. The record reflects that Ballard did not raise the issue of trial court error on direct review. The trial court error claim and the ineffective assistance of counsel claim were conflated and the underlying merits of both claims were discussed on PCRA review.

The Court notes that from the trial transcript it appears that at no time did defense counsel request to bring Ballard to sidebar or to the in-chambers conferences. (Notes of Trial, 10/2/07; 10/5/07; 10/10/07). Nor does the transcript reflect any requests by Ballard to hear what was being said during the sidebar or to attend the in-chambers conferences. *Id*. Moreover, it appears that Ballard was present in the courtroom at all relevant times and it does not appear that the trial court prohibited defense counsel from conferring with Ballard at counsel-table. The Court is mindful of the fact that generally "[a] defendant's presence in chambers and at sidebar is not required where he is represented by counsel." *Commonwealth v. Boyle*, 447 A.2d 250, 253 (Pa. 1982) (citing *Rogers v. United States*, 422 U.S. 35 (1975)).

The Court agrees with the magistrate judge's recommendation that these claims should be dismissed. Ballard offers nothing to support his assertion that he was prejudiced by his exclusion from any sidebar or in-chambers conferences. Accordingly, to the extent Ballard's claims are couched in terms of trial court error or trial counsel ineffectiveness, the Court agrees with the recommendation that Ballard is not entitled to habeas relief.

**Objection No. 7**

In his seventh objection, Ballard claims that the magistrate judge erred in recommending that Claims 4 and 9 of his petition be denied. (R&R at 24-26). In these claims, Ballard argues that his due process rights were violated when the trial court failed to conduct a competency hearing (Claim 4) and, relatedly, that his right to effective assistance of counsel was violated when his

counsel failed to investigate, interview witnesses, and notify the trial court of the need for a competency hearing (Claim 9). Although Ballard did not raise the claim of trial court error on direct appeal, the merits of the underlying stand-alone due process claim were fully addressed in the context of an ineffectiveness claim by the state courts.

The Court agrees with the magistrate judge's finding that the Superior Court applied the correct standard and that Ballard has not demonstrated that the Superior Court's decision was an unreasonable application of *Strickland.* For these reasons, Objection No. 5 will be denied.

Further, the Court is also in agreement with the magistrate judge's conclusion that the state court decision on the underlying due process claim - that due to Ballard's medicated state he could not assist counsel at trial - withstands AEDPA review. The Court finds that there is nothing in the record to support Ballard's assertion that he was unable to assist counsel at trial due to his medicated state except for his own self-serving affidavit and the affidavits of his family members, which are uncorroborated by anything else in the record. The two patient charts attached as Exhibit D to Ballard's Reply, appear to be dated March 2003, over four (4) years before the trial of this case. In sum, to the extent this claim is couched in terms of trial counsel ineffectiveness, the Court finds that Claim 9 is nothing more than a quintessential bald assertion of deficient counsel, and as such Ballard is not entitled to habeas relief. To the extent this claim is couched in terms of trial court error, the Court agrees with the recommendation that Ballard is not entitled to habeas relief.

**Objection No. 8**

In his eighth objection, Ballard claims that the magistrate judge erred in recommending that his claims of prosecutorial misconduct (Claim Eight) be dismissed and that the related ineffectiveness of counsel claim be dismissed (Claim Twelve). (R&R at 29-33). In Claim Eight, Ballard contends that the prosecutor "unlawfully lead, perjured, and admitted false testimony,"

and in Claim Twelve he contends that his counsel provided ineffective assistance of counsel by not subjecting the Commonwealth's case to a meaningful testing.

The underlying claims of prosecutorial misconduct were not raised on direct review. However, the claims were discussed in the state courts' review of the related ineffectiveness claim. The PCRA court found that because the underlying prosecutorial misconduct fails, the claim that counsel was ineffective for failing to object to such conduct is meritless and the Superior Court affirmed.

The Court agrees with the magistrate judge's recommendation that Claims Eight and Twelve should be dismissed as Ballard has failed to meet his burden to prove that the resolution of his claims was either clearly contrary to or a clearly unreasonable application of any federal law. Further, Ballard has failed to overcome the presumption of correctness that must be applied to factual conclusions reached by the state court. For these reasons, Objection No. 8 will be dismissed.[6]

**Objection No. 9**

In his ninth objection, Ballard claims that the magistrate judge erred in its recommendation that Claim Fourteen of his petition be dismissed. (R&R at 33-34). In this claim, Ballard alleges that both his direct appeal counsel and his PCRA counsel provided ineffective assistance of

---

[6] The Court notes that in this objection Ballard comments in passing that "trial counsel entered into stipulations (on a whim during trial) before establishing notice to Petitioner and an agreement." *See* Obj. at ¶ 70, at 15. Ballard raised the issue of improper stipulations in his petition at Claim 10, but he has not filed an objection to the magistrate judge's recommendation that Claim 10 be dismissed. The Court does not find that this sole comment rises to the level of an objection, and, thus, has not addressed the comment. In any event, this issue was previously addressed. (ECF No. 65 at 18).

counsel by failing to raise claims Ballard wished to have raised. *See* Claim 14 of the Petition (ECF No. 1) and Summary of Supporting Facts to Additional Grounds Already Raised (ECF No. 5-1).

On appeal, the Superior Court framed the issue as "the failure of direct appeal counsel and PCRA counsel to raise the claims Appellant wishes to have raised, which he claims were meritorious." The appellate court rejected the issue finding that Ballard has failed "to make any serious effort to develop these claims of ineffectiveness . . . ; thus, he has failed to persuade us that he is entitled to relief therein." *Commonwealth v. Ballard*, No. 608 WDA 2010, slip op. at 6 (Pa. Super. Ct. Aug. 27, 2013) (ECF No. 38-9 at 36). Viewing the claim as having been dismissed on its merits, the magistrate judge recommended that Claim 14 be dismissed as Ballard has not proven that the decision of the state court was either clearly contrary to or an unreasonable application of the *Strickland* standard.

Ballard citing *Martinez v. Ryan*, 566 U.S. 1, 132 S.Ct. 1309 (2012), argues that counsel caused procedural default in failing to raise his "requested claims merit for relief." The Court, therefore, in an abundance of caution will, in the alternative, analyze this claim assuming *arguendo* that the claim is, in fact, procedurally defaulted.

The United States Court of Appeals for the Third Circuit's most recent precedential opinion on the *Martinez* exception to the doctrine of procedural default was issued two months after the R&R in this case was filed and a week before Ballard's objections were filed. *See Workman v. Superintendent Albion, SCI*, No. 16-1969, -- F.3d --, 2018 WL 5987138 (Nov. 15, 2018). In *Workman*, our appellate court again repeated that the *Martinez* exception is only available if the petitioner "shows that his underlying ineffective-assistance-of-trial-counsel claim has some merit and that his state post-conviction counsel's performance fell below an objective standard of reasonableness." *Workman*, 2018 WL 5987138 at *7. To demonstrate that a claim has "some

13

merit," a petitioner must "show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Id*. at \*4 (quoting *Miller-El v. Cockrell,* 537 U.S. 322 (2003)).

To the extent that Ballard's claim is that his PCRA counsel provided ineffective assistance for failure to pursue all the arguments which Ballard wished to pursue, claims of ineffective assistance of PCRA counsel are not a proper basis for federal habeas corpus relief, as there is no constitutional right to counsel in a post-conviction proceeding. Under *Martinez,* defective performance by PCRA counsel may only constitute <u>cause</u> excusing procedural default of an ineffective assistance of trial counsel claim. *Martinez*, 566 U.S. at 9. And to the extent that Ballard's claim is that his direct appeal counsel provided ineffective assistance for failure to pursue all the arguments which Ballard wished to pursue, in *Davila v. Davis,* -- U.S. ---, 137 S.Ct. 2058, 2065 (2017), the Supreme Court made clear that the *Martinez* exception does not extend to underlying claims of appellate ineffectiveness.

But, to the extent that Ballard's claim is that his PCRA counsel failed to raise issues of ineffective assistance by trial counsel, *Martinez* may provide an avenue to excuse the default <u>if</u> Ballard can show that his PCRA counsel was ineffective for filing a no-merit letter and which did not raise Ballard's desired claims of ineffective assistance of trial counsel. *See Mack v. Superintendent Mahanoy SCI*, 714 F. App'x 151, 153 (3d Cir. 2017). The record clearly demonstrates that PCRA counsel submitted an exhaustively thorough fifty-one (51) page "no merit" letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. 1988) (en banc), detailing each claim raised by Ballard and explaining why each claim lacked merit. (ECF No. 38-5). The PCRA court considered Ballard's claims of

14

PCRA counsel ineffectiveness on the merits and rejected them finding that PCRA counsel's decision not to litigate Ballard's claims did not constitute ineffective assistance of counsel.

While not binding on this Court, the Court concurs with the analysis of the PCRA court and finds that Ballard has failed to show that PCRA counsel's performance fell below an objective standard of reasonableness. *Workman,* 2018 WL 5987138 at *7. Because PCRA counsel's performance was not deficient under *Strickland*, Ballard cannot establish the first *Martinez* requirement, *i.e.,* that "an error by PCRA counsel amounts to constitutionally ineffective assistance of counsel." *Olmedo-Serrano v. Sec'y Pa. Dep't of Corr.*, 684 F. App'x 260, 264 (3d Cir. 2017) (emphasis in original) (internal quotation and citation omitted). Accordingly, the procedural default of Claim Fourteen cannot be excused under *Martinez*.

However, even assuming *arguendo* that the procedural default could be excused under *Martinez,* the Court finds that Ballard cannot establish that his trial counsel was ineffective under either prong of *Strickland*. In view of all of the evidence, this Court finds that Ballard has not shown that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland,* 466 U.S at 696.

Accordingly, Objection No. 9 will be dismissed.

### Objection No. 10

In his penultimate objection, Ballard claims that the magistrate judge erred in recommending that Claim Five of his petition be dismissed. (R&R at 26-29). Ballard argues that his due process rights were violated by the illegality of his sentence and because the trial court did not conduct a colloquy for waiver of Ballard's rights to be sentenced by a penalty-phase jury.

Both the PCRA court and the Superior Court addressed on the merits Ballard's claim that his sentence was illegal. The magistrate judge recommended that the claim be dismissed as Ballard

has not proven that the decision by the state court on his claim was either contrary to or involved an unreasonable application of any federal law.

The magistrate judge also recommended that the sub-issue of Claim Five relating to the failure of the trial court to conduct a colloquy for waiver of rights to be sentenced by a penalty-phase jury be dismissed as procedurally defaulted and Ballard offered no explanation as to why the default should be excused. The Court agrees with the magistrate judge's recommendation and, therefore, will dismiss Objection No. 10.

**Objection No. 11**

In his final objection, Ballard claims that the magistrate judge erred in recommending that his *Brady* claim raised in Claim Seven of his petition be dismissed. (R&R at 29-31). The Superior Court reviewed the *Brady* claim on the merits and found that Ballard had failed to prove that the evidence he alleges was withheld was in the exclusive control of the prosecution of the time of trial. In fact, the appellate court commented that it was unclear whether the alleged evidence even existed at the time of trial.

The magistrate judge correctly recommended that the *Brady* claim be dismissed as the Superior Court's decision easily withstands review under AEDPA. Further, as explained in PCRA counsel's no-merit letter, Ballard has failed to establish that the state court's adjudication of the claim was contrary to or an unreasonable applicable of then extant Supreme Court precedent, i.e., *Brady v. Maryland*, nor has he established that the state court's factual determinations were unreasonable. Objection No. 11 will therefore be dismissed.[7]

---

[7] Ballard objects that the magistrate judge erred in not addressing his claims that tests results and other "favorable exculpatory evidence" also were withheld in violation of *Brady*. However, in his Petition, it appears that Ballard only raised *Brady* issues with respect to the Commonwealth's witness. The first time Ballard raised additional *Brady* claims was in his Reply Brief. ECF No.

## III. REQUEST FOR EVIDENTIARY HEARING

Ballard's request for an evidentiary hearing is denied. In cases where the petitioner is not barred from obtaining an evidentiary hearing by 28 U.S.C. § 2254(e)(2) or *Cullen v. Pinholster*, 563 U.S. 170 (2011), the decision to grant a hearing rests in the discretion of the court. *Palmer v. Hendricks*, 592 F.3d 386, 393 (3d Cir. 2010). Importantly, "bald assertions and conclusory allegations do not afford a sufficient ground for an evidence hearing." *Campbell v. Burns*, 515 F.3d 172, 184 (3d Cir. 2008) (quoting *Mayberry v. Petsock*, 821 F.2d 179, 185 (3d Cir. 1987)). There is no basis for the Court to grant Ballard's request for an evidentiary hearing and his request for one will be denied.

## IV. CERTIFICATE OF APPEALABILITY

The Court agrees with the magistrate judge's recommendation that a certificate of appealability should be denied. Jurists of reason would not find it debatable whether each of Ballard's claims should be denied. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, a certificate of appealability will be denied as to each of Ballard's claims.

The denial of a certificate of appealability does not prevent Ballard from appealing the order denying his petition so long as he seeks, and obtains, a certificate of appealability, from the court of appeals. *See* Fed. R App P. 22(b)(1), (2).

---

62 at 110-23. Issues raised in this manner are not properly before the Court. "A reply brief is intended only to provide an opportunity to respond to the arguments raised in the response brief and is not ordinarily a forum to raise new claims. This principle applies in the habeas context and provides grounds for disregarding the arguments thus raised. U.S. v. Nestor, CR No. 7-369, CV No. 10-556, 2010 WL 4879200, at *6 (W.D.Pa. 2010) (internal citation omitted). Thus, the magistrate judge did not err in failing to address any new issue raised in Ballard's Reply Brief.

## V. CONCLUSION

After *de novo* review of the pleadings and documents in the case, together with the R & R and objections thereto, and in the exercise of sound judicial discretion, Ballard's objections will be overruled, the R&R will be approved and adopted as supplemented herein, the Petition will be dismissed without an evidentiary hearing, and a certificate of appealability will be denied. Additionally, the Petition for Publication will be denied. An appropriate Order follows.

s/ Nora Barry Fischer  
Nora Barry Fischer  
United States District Judge

Date:  December 12, 2018

cc/ecf:  All Counsel of record

    Todd Darrell Ballard  
    HK-0416  
    SCI Albion  
    10745 Route 18  
    Albion, PA 16475